NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MITCHELL FELD,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3043

---

Petition for review of the Merit Systems Protection Board in Case No. DC0752100169-I-1.

---

Decided: June 11, 2012

---

MITCHELL I. FELD, of Silver Spring, Maryland, pro se.

P. DAVIS OLIVER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK MANHARDT, Assistant Director.

---

Before LOURIE, PROST, and WALLACH, *Circuit Judges.*

PER CURIAM.

Mitchell Feld appeals from the decision of the Merit Systems Protection Board ("the Board") denying his petition for review and adopting, as modified, the initial decision of the administrative judge ("AJ") as the Board's final decision. *Feld v. Dep't of Veterans Affairs*, No. DC-0752-10-0169-I-1 (M.S.P.B. Sept. 30, 2011) ("MSPB final decision"). The initial decision affirmed the Department of Veteran Affairs' ("VA") decision to remove Mr. Feld based upon the following charges: (1) Disclosure of Confidential Information; (2) Conduct Unbecoming a Government Employee; (3) Impairment of Service Effeciency. *Feld v. Dep't of Veterans Affairs*, No. DC-0752-10-0169-I-1 (M.S.P.B. Dec. 23, 2010) ("AJ initial decision"). We *affirm*.

BACKGROUND

Mr. Feld was a General Attorney at the VA, Office of General Counsel, from March 2001 until November 2009. On August 29, 2008, he was placed on a performance improvement plan ("PIP") because his performance in two critical elements, specifically timeliness and legal writing, was unacceptable. After the evaluation period ended, the VA notified Mr. Feld that he had demonstrated acceptable performance, warned him that timeliness and legal writing were still of concern, and notified him that if his performance was less than successful within one year of the start of his PIP the VA could take adverse action without giving him any further opportunity for improvement. After that appraisal, Mr. Feld's performance deteriorated, and on June 16, 2009, his supervisor, Ms. Rogall, proposed his removal for unsatisfactory performance, placing Mr. Feld on administrative leave. On September 18, 2009, the proposed removal was rescinded

and a new one was issued. On November 18, 2009, the VA issued a decision to remove Mr. Feld "from his employment based on four charges: (1) Disclosure of Confidential Information . . .; (2) Conduct Unbecoming a Government Employee . . .; (3) Apparent Conflict of Interest; and (4) Impairment of Service Efficiency." AJ initial decision at 2.

After a three day hearing the AJ affirmed the VA's decision to remove Mr. Feld finding that the VA proved by preponderant evidence the Disclosure of Confidential Information charge because Mr. Feld forwarded internal documents to outside attorneys in contravention to the American Bar Association's Model Rules of Professional Conduct. The AJ found that the VA proved by preponderant evidence the Conduct Unbecoming a Government Employee charge because Mr. Feld admitted to making comments and sharing documents with adversarial attorneys and even though Mr. Feld stated he was joking, the AJ doubted Mr. Feld's veracity because of his demeanor during testimony. The AJ found the VA also proved by preponderant evidence the Impairment of Service Efficiency charge, given that Mr. Feld failed to meet internal agency and court deadlines. However, the AJ found the VA failed to prove the charge of Apparent Conflict of Interest.

The Board denied Mr. Feld's petition for review because Mr. Feld presented "no new, previously unavailable, evidence" and because the AJ "made no error in law or regulation that affects the outcome. 5 C.F.R. § 1201.115." MSPB final decision at 7. Mr. Feld filed a timely petition for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

The scope of our review in an appeal from the Board is limited. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006). Under the substantial evidence standard, this court reverses the Board's decision only "if it is not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (internal quotation omitted).

Mr. Feld raises several arguments. Mr. Feld first argues that the internal weekly reports he forwarded to private attorneys were not confidential and there was no harm in sharing them.[1] However, the AJ credited the

---

[1]    Mr. Feld also argues that the American Bar Association's Model Rules of Professional Conduct should only be applied to his practice before the Court of Appeals for Veterans Claims, and that all other matters should be governed by New York state ethics laws, where, he says, release of these documents would not be considered misconduct. However, an attorney for the Government is subject to the state and local federal laws and rules that govern where the attorney engages in attorney's duties to the same extent as other attorneys in that state. 28 U.S.C. § 503B(a) (2006). Mr. Feld's practice was in the District of Columbia, which adopted the Model Rules of Professional Conduct, with modification, in 1991, and his litigation practice was before the Court of Appeals for Veterans Claims, which adopted the Model Rules of Professional Conduct, with modification, in 1983. D.C. Rules of Prof'l Conduct, Preface; Ct. App. Vet. Cl., Rules of Admission & Practice 4(a).

testimony of VA management who indicated that the reports were intended for internal use and that they disclosed the status of VA litigation and strategy. "The evaluation of witness creditability is a matter within the discretion of the AJ and is virtually unreviewable." *Frey v. Dep't of Labor*, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (internal quotation omitted). Mr. Feld has not given sufficient reason to overturn the AJ's credibility determinations.[2]

Mr. Feld stated that the statements used to support the charge of Conduct Unbecoming a Government Employee were made in jest and that he has a right to express criticism of misconduct.[3] Again, the AJ credited testimony of VA management who found Mr. Feld's statements highly unprofessional and damaging to the reputation and work of the office. Mr. Feld attempted to attack the VA Assistant General Counsel's credibility (Mr. R. Randall Campbell), but the AJ found Mr. Campbell had no motive to testify falsely. Mr. Feld has not given suffi-

---

[2]    Furthermore, despite Mr. Feld's argument to the contrary, attorney work product is not required to be disclosed under the Freedom of Information Act. *See* 5 U.S.C. § 552; *Dep't of Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

[3]    The Government alleged and Mr. Feld stipulated that the following comments were made to private attorneys: "These managers should really be investigated and charged under the RICO statutes;" "I think VA should hold these managers accountable for this kind of action. These thugs raise nickel-dime objections just so they can jam the fee award up for a year or more;" and "Don't let these HAMAS thugs hide behind civilians (me)." AJ Initial Decision at 12-13.

cient reason for overturning the AJ's credibility determinations.[4]

Mr. Feld contends that it was impossible to meet the deadlines the VA imposed and that other attorneys have also failed to meet timeliness deadlines but have been given bonuses and promotions, whereas he has been singled out for removal. This argument is unpersuasive; the AJ believed an agency witness who testified that Mr. Feld's work group was deadline driven, and he failed to meet deadlines because he failed to maintain deadlines in his calendar. There is substantial evidence that Mr. Feld failed to meet the VA's performance standards thus impairing the VA's efficiency.

Because the Board's findings are supported by substantial evidence and are not contrary to law, we *affirm*.[5]

## AFFIRM

No costs.

---

[4] Mr. Feld incorrectly argued that Mr. Campbell "brazenly lied about a material fact when he testified falsely that the appellant 'had been passed over for promotion 10 times.'" Mr. Campbell actually testified that Mr. Feld "worked for about 10 different supervisors, five of whom have complained about his unreliability in missing deadlines. That he'd been passed over for promotions several times because of his work record, been on two PIPs, a host of things."

[5] We have considered Mr. Feld's other arguments on appeal and find them to be without merit, or alternatively, not properly before this court.